UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Brown Jr.,

    Plaintiff,

v.

City of Detroit, et al.,

    Defendants.

_____/

Case No. 25-12980
Hon. Jonathan J.C. Grey

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 5) AND DISMISSING COMPLAINT (ECF No. 1)**

## I. BACKGROUND

Pro se Plaintiff Daniel Brown Jr. filed this case and an application to proceed without prepaying fees and costs on September 19, 2025 and September 22, 2025, respectively. (ECF Nos. 1, 5.) In his complaint, Brown brings claims against Defendants City of Detroit, Detroit Police Department, Officer Anthony F. Alexander, Officer Reid, and Officer Montgomery (collectively "the defendants") alleging violations under 42 U.S.C. § 1983. Specifically, he alleges violations of his Fourth and Fourteenth Amendment rights and brings a *Monell* claim. (ECF No. 1.)

For the following reasons, the Court **GRANTS** Brown's application to proceed without prepaying fees and costs and **DISMISSES** the complaint for failure to state a claim on which relief may be granted.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007)). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Nevertheless, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). Courts generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider items appearing in the record of the case without converting the motion into one for summary judgment so long as the items are referenced in the complaint and are central to the claims. *Id.*

### III. ANALYSIS

The Court finds that Brown is unable to pay the filing fee (*see* ECF No. 5) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court finds that Brown fails to state a claim upon which relief may be granted.

Brown is suing the defendants under § 1983. (ECF No. 1, PageID.1.) The "governing statute of limitations for § 1983 claims arising in Michigan is three years." *Rapp v. Putman*, 644 F. App'x 621, 625 (6th Cir. 2016) (citing *Carroll v. Wilkerson,* 782 F.2d 44, 44 (6th Cir. 1986)).

The statute of limitations begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (citations omitted).

Brown's entire complaint centers around alleged unlawful actions that occurred on or before June 11, 2020, specifically an "unlawful arrest and warrant on June 11, 2020." (ECF No. 1, PageID.2–4.) Accordingly, the latest the statute of limitations commenced was on June 11, 2020. Brown did not file this action until September 19, 2025, well beyond the three-year time period. Thus, Brown's claim is barred by the statute of limitations.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Brown's application to proceed without prepaying fees and costs and **DISMISSES WITHOUT PREJUDICE** this action against the defendants.

SO ORDERED.

Date:  December 18, 2025

s/Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

4

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
